UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Carlos Juan Ponce-Barrueta, ) | Civil Action No.: 4:17-cv-00599-RBH |
| ) | Crim. No.: 4:15-cr-00263-RBH-1 |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Petitioner's pro se motion to vacate pursuant to 28 U.S.C. § 2255 filed on March 3, 2017. [ECF #229]. Also currently pending is the Government's motion for summary judgment filed on March 15, 2017. [ECF #242]. Petitioner alleges two grounds in his motion to vacate his sentence: (1) trial counsel failed to advise him about the consequences in failing to file a direct appeal; and (2) trial counsel did not adequately challenge his guidelines sentence range. [ECF #229].

On March 15, 2017, the Government filed a motion for summary judgment arguing summary judgment should be entered on behalf of the government because the motion to vacate fails to set forth any basis for relief. On March 15, 2017, a *Roseboro* Order was issued advising Petitioner that a motion to dismiss and/or for summary judgment had been filed and that his failure to respond could result in the dismissal of his case. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975). Petitioner filed a response to the government's motion on June 30, 2017. [ECF #264]. For the reasons stated below, the Court grants Respondent's motion for summary judgment.[1]

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

**Procedural History**

On or about April 28, 2015, Petitioner was indicted along with several co-defendants in a seven count Indictment, which charged Petitioner with a conspiracy to distribute methamphetamine in violation of Title 21, United States Code, Section 846. [ECF #71]. In the second, fourth, fifth and sixth counts of the Indictment, Petitioner was charged with substantive violations for distribution of methamphetamine in violation of in violation of Title 21, United States Code, Section 841(a)(1). [ECF #71]. In the third and seventh counts of the Indictment, Petitioner was charged with violations of in violation of Title 18, United States Code, Section 924(c) for use of a firearm during a drug trafficking crime. [ECF #71].

On September 15, 2015, Petitioner, represented by counsel, pled guilty to Count I of the Indictment, which alleged a conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a substance containing a detectable amount of methamphetamine pursuant to a Rule 11(C)(1)(c) plea agreement, resulting in a stipulated sentence of 240 months. [ECF #148]. Included within the plea agreement was a waiver of Petitioner's right to contest the conviction by either direct appeal or other post-conviction action. [ECF #148, p. 7]. The U.S. Probation Office prepared a presentence investigation report ("PSR"). Petitioner's total offense level was 43 and his advisory guideline range was Life. The Court sentenced Petitioner to the stipulated sentence of 240 months imprisonment. [ECF #192]. Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on March 3, 2017. [ECF #229]. The Government filed a response in opposition, along with a motion for summary judgment on March 15, 2017. [ECF #241; ECF #242]. Petitioner filed a response on June 30, 2017.

## Applicable Law

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' (internal citation omitted) For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. (internal citations omitted). Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'". *Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02-6242, 2002 WL 1932522, at *1 (4th Cir Aug. 22, 2002) ("Non-constitutional claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding under § 2255."). There is a one year period of limitation for a motion made under this statute. 28 U.S.C. § 2255(f).

## Legal Standard for Summary Judgment

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2) (2009). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a genuine issue

for trial." Fed. R. Civ. P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp.,* 477 U.S. at 322.

## **Discussion**

Petitioner requests that his sentence be vacated pursuant to 28 U.S.C. § 2255 on two grounds: (1) he alleges his trial counsel did not adequately explain the consequences resulting from the failure to file a direct appeal; and (2) he alleges counsel performed inadequately at sentencing by failing to investigate the drug weights attributable to him and the applicability of the role enhancement to him. With respect to ground one, Petitioner claims that counsel did not advise him that "if he did not appeal, then he forfeited any chance of challenging the sentence." [ECF #264, p. 1]. He alleges that due to counsel's inadequate advice, he was deprived of his right to appeal, including the ability to challenged

4

the constitutionality of the statutes applied in his case. To seek relief on claims of ineffective assistance of trial counsel, Petitioner must make the proper showing under *Strickland v. Washington*. *Strickland* provides that a Petitioner must prove both of the following: (1) trial counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) trial counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In analyzing an ineffective assistance of counsel claim, the proper standard to judge counsel's performance under the first prong of *Strickland v. Washington* is that of "reasonably effective assistance." *Id.* at 687.

The strong presumption is that counsel rendered adequate assistance and made all significant decisions in the exercise of "reasonable professional judgment." *Id.* at 690; *see also Mazzell v. Evatt*, 88 F.3d 263, 266 (4th Cir. 1996) (stating a defendant must show that counsel's performance "fell below an objective standard of reasonableness."). In *Roe v. Flores-Ortega*, the Supreme Court, applied *Strickland* to a claim that counsel was constitutionally ineffective for failing to file a notice of appeal. The Supreme Court held that counsel is obligated to consult with a defendant regarding the right to appeal when there is reason to believe that: (1) a rational defendant would want to appeal; or (2) this particular defendant reasonably demonstrated to his counsel that he was interested in an appeal. 528 U.S. 470, 480 (2000). Relevant to this inquiry is whether the defendant pled guilty because a guilty plea reduces the scope of appealable issues and because a plea could indicate that the defendant seeks to end judicial proceedings. *Id.* Regarding the second prong requiring a defendant to show prejudice from counsel's deficient performance, the Supreme Court held that when this deficient performance deprives a defendant of an appeal he would otherwise have taken, the defendant has established a successful ineffective assistance of counsel claim. *Id.* at 484.

Here, included within Petitioner's signed plea agreement is a waiver of his right to contest either the conviction or the sentence in any direct appeal or other post-conviction action. [ECF #148, p. 7]. Further, it is this Court's practice at the plea colloquy to throughly inform and discuss any appeal waiver provisions in a plea agreement with a defendant. Additionally, Petitioner executed a document indicating that he had been notified by the court of his right to appeal and that he had fourteen (14) days to enter an appeal. [ECF #191]. This document, signed by Petitioner, also indicated that he discussed this right with his attorney. [ECF #191]. In other words, Petitioner's argument now contradicts this executed document affirming that he discussed the right with his attorney and that he was notified of his right to appeal and the deadline to appeal. Importantly, Petitioner does *not* allege in his motion that he instructed his attorney to file an appeal or that his attorney did not actually consult with him about the possibility of filing an appeal. Instead, he argues that counsel did not adequately explain that if he did not appeal, he forfeited his right to challenge the sentence or the facts underlying his sentence. This case is distinguishable from Fourth Circuit precedent providing relief under 28 U.S.C. § 2255 where a petitioner is deprived of his Sixth Amendment right to assistance of counsel where an attorney fails to file a notice of appeal when requested by his client. *See generally United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007). Petitioner does *not* allege that his trial counsel failed to follow an instruction provided by Petitioner or that trial counsel said he would file a direct appeal but did not do so. Further, Petitioner has not made any showing that he was prejudiced by counsel's alleged deficient performance in failing to adequately explain the right to appeal. Petitioner agreed to a stipulated sentence of 240 months when he was facing a maximum sentence of life in prison. Petitioner has therefore failed to meet the standard established under *Strickland*. This ground for relief is therefore denied.

Petitioner's second ground for relief is that he received an inadequate defense because his

6

counsel failed to investigate "facts or defenses" regarding the quantity of drugs attributable to him. Petitioner specifically states that if counsel had investigated "information" provided to his counsel, "he would have adduced evidence including from government witnesses" to support Petitioner's claim that he was involved with a smaller drug quantity than what was attributed to him, and that he was not an organizer or leader subject to the role enhancement adjustment.

Here, Petitioner pled guilty to an 11(c)(1)(C) stipulated sentence. A Rule 11(c)(1)(C) plea agreement may stipulate that "a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply[.]" Fed.R.Crim.P. 11(c)(1)(C). "[S]uch a recommendation or request binds the court once the court accepts the plea agreement." *Id*. Because the Court imposed the stipulated sentence of 240 months imprisonment, it was not based on the relative drug quantities or whether Petitioner acted as the organizer or leader. Therefore, even assuming counsel failed to investigate unspecified information relating to the drug quantity and role enhancement adjustment, Petitioner cannot show prejudice under *Strickland*. Accordingly, Petitioner is not entitled to the requested relief.[2]

Finally, Petitioner does not provide any specific facts or information that his counsel failed to investigate. Therefore, Petitioner has not shown that counsel was deficient in failing to investigate unspecified information that Petitioner now asserts would have led to a sentence reduction. For the

---

[2]Nonetheless, even assuming that Petitioner was not otherwise barred from bringing these claims, To the extent it is Petitioner's claim that he ought to receive a reduction of the guideline range, this argument is generally not cognizable in collateral proceedings. A petitioner ordinarily cannot use 28 U.S.C. § 2255 to seek a sentence reduction based on misapplication of the Sentencing Guidelines. *United States v. Pregent*, 190 F.3d 279, 283-284 (4th Cir. 1999) ("Barring extraordinary circumstances, however, an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."); *see also United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999) (explaining that circuit courts of appeals generally hold that errors of guideline interpretation or application ordinarily fall short of a miscarriage of justice."). In fact, in *United States v. Foote*, the Fourth Circuit held that a § 2255 motion to vacate that was based on a subsequently-nullified career offender designation was not a fundamental defect, as required to challenge a sentence on a motion to vacate. 784 F.3d 931, 940 (4th Cir. 2015).

7

above stated reason, Petitioner has not met the standard for showing inadequate assistance of counsel as to his second ground for relief. Petitioner's motion is therefore denied.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

### Conclusion

For the reasons stated above, the government's motion for summary judgment [ECF #242] is **GRANTED** and Petitioner's pro se motion to vacate pursuant to 28 U.S.C. § 2255 [ECF #229] is **DENIED and DISMISSED with prejudice**. The Court **DENIES** a certificate of appealability at this time because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

January 4, 2019  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge